806 So.2d 1212 (2001)
Ex parte GREENSTREET, INC.
(Re Lori Cole v. Checks Are Us; Cash Zone; Greenstreet, Inc.; Quick Cash, Inc.; Check Into Cash; and Bill's Pawn, Inc.)
1000461.
Supreme Court of Alabama.
June 15, 2001.
G. Bartley Loftin III and Walter A. Dodgen of Balch & Bingham, L.L.P., Huntsville, for petitioner.
*1213 Garve Ivey, Jr., of Ivey & Ragsdale, Jasper, for respondent.
STUART, Justice.
Greenstreet, Inc., is a defendant in an action filed by Lori Cole in the Walker Circuit Court. Greenstreet has filed a petition for a writ of mandamus, challenging the correctness of the trial court's order in which it continued Greenstreet's unopposed motion to compel arbitration in order for the plaintiff to conduct discovery "into any area which under Alabama law would operate to revoke or invalidate the arbitration provision." Greenstreet petitions for a writ directing the circuit court to grant its motion to compel arbitration. We grant Greenstreet's petition in part and deny it in part.

Facts
During 1999, Lori Cole borrowed money from Greenstreet on at least 12 occasions. In each of the 12 transactions, Cole entered an agreement styled "Deferred Presentment Services Agreement." Eleven of those Deferred Presentment Services Agreements contained the following arbitration agreement:
"Customer and Greenstreet, Inc. WAIVE THEIR RIGHT TO A TRIAL BY JURY and to the judicial process in any action brought in connection with this Agreement or the services rendered pursuant to this Agreement. All claims, controversies, and disputes arising out of or relating in anyway [sic] to this deferred presentment transaction, including but not limited to fees, interest, or other charges and all claims based on contract, tort, statute, or any alleged breach, fraud, misrepresentation, or fraud in the inducement of this contract shall be RESOLVED BY BINDING ARBITRATION administered by the American Arbitration Association (`AAA') pursuant to the Federal Arbitration Act (`FAA'), according to the rules and procedures of the AAA. Any contests to the validity or enforceability of this Agreement shall be determined by the provisions of the FAA and the rules of the AAA. The parties agree that this deferred presentment transaction involves interstate commerce and is subject to arbitration."
However, one of the "Deferred Presentment Services Agreements," submitted as an exhibit to Greenstreet's petition, does not include arbitration language on the face of that agreement. This Court was not provided with a copy of the reverse side of this agreement. Therefore, it is unclear whether, in this particular transaction, Cole executed an arbitration provision. For purposes of this opinion, the Court will assume she did not. This assumption, however, has no impact upon the Court's holding.
Cole filed a putative class action, alleging that Greenstreet and the other defendants had assessed finance charges at an annual percentage rate in excess of that allowed under Alabama law. Greenstreet moved to compel arbitration and made an evidentiary submission in support of its motion. Cole filed nothing in opposition to Greenstreet's motion to compel arbitration. Rather, she submitted to the trial court a proposed order purporting to grant her the right to conduct discovery "into any area which, under Alabama law, would operate to revoke or invalidate any contract." That proposed order stated:
"Permissible discovery topics by Plaintiff are those which go to the proof of contract defenses under Alabama law for any contract including, but not limited *1214 to, unconscionability; consideration; mistakes of law or of fact; fraud as it relates to the arbitration provision; the object and legality of the object of the contract; the capacity of the parties; relative sophistication of the parties; and whether there was a meeting of the minds sufficient to create a valid, binding and enforceable contract."
Although Greenstreet asserts that the trial court never signed or granted this proposed order, the trial court, on November 8, 2000, granted a "Motion to Extend the Discovery Deadline" that had been submitted to the court by counsel for Cole. In its order granting this motion, the trial court allowed the parties 120 days to complete discovery on the enforceability of the arbitration provisions. Thus, this order effectively allowed Cole the right to conduct limited discovery on the issue of the validity and enforceability of the arbitration provisions.
Greenstreet asserts that Cole made no showing justifying the requested discovery; that the issue of arbitrability was expressly reserved for the arbitrator and was not an issue appropriate for the trial court; and that Cole was not entitled to discovery on any issue, because all of her claims fall within the scope of her arbitration agreement. Greenstreet seeks a writ of mandamus directing the Circuit Court of Walker County to: (1) vacate its order allowing discovery on the issue of arbitrability; (2) enter a protective order in favor of Greenstreet with respect to discovery; and (3) enter an order compelling Cole to arbitrate her claims against Greenstreet.

Analysis
In the almost identical case of Ex parte Greenstreet, Inc., 806 So.2d 1203 (Ala.2001) ("Greenstreet I"), this Court has addressed these very issues. In Greenstreet I, we further refined the procedures for a trial court to follow when dealing with a motion to compel arbitration. See Greenstreet I, citing First Family Fin. Servs., Inc. v. Jackson, 786 So.2d 1121 (Ala.2000). In Greenstreet I, we granted in part and denied in part Greenstreet's petition for the writ of mandamus, finding it inappropriate, under the procedural posture of that case, to direct the trial court to compel the plaintiff to arbitrate her claims, but also finding it inappropriate to allow the trial court's order allowing limited discovery to stand. See Greenstreet I, supra.
The facts and the procedural posture of this case are virtually identical to those presented in Greenstreet I. Accordingly, the same authorities and rationale apply here. Thus, as in Greenstreet I, we find it inappropriate, at this juncture, to issue a writ directing the trial court to compel arbitration. We direct the circuit court to immediately set for a hearing Greenstreet's motion to compel arbitration. If that motion is properly supported and if Cole does not formally oppose that motion, then the circuit court is directed to grant Greenstreet's motion.
However, we also find it inappropriate to allow the trial court's order, allowing Cole to conduct discovery into the validity and enforceability of the arbitration provision, to stand. Cole offered nothing in opposition to Greenstreet's motion to compel arbitration, and the trial court did not require any degree of factual specificity from Cole in support of her request for discovery. Under the factually-based-predicate standard established in Greenstreet I, it would be a clear abuse of the trial court's discretion to allow Cole to conduct discovery without first making a *1215 factual showing as to why that discovery was justified.
For these reasons, Greenstreet is entitled to a portion of the relief it seeks. The Walker Circuit Court is directed to vacate its order allowing discovery in Cole's action. However, because neither Cole nor the trial court had the benefit of our analysis and holding in Greenstreet I when the court issued the discovery order, we believe it is appropriate to allow Cole an opportunity to meet the factually-based-predicate standard established in Greenstreet I in order to justify the discovery she seeks. Any further proceedings involving the enforceability of the arbitration provision and discovery on the issue of arbitrability shall be consistent with this opinion.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
This case is factually similar to another case in which we are releasing an opinion today, Ex parte Greenstreet, 806 So.2d 1203 (Ala.2001). For the reasons stated in my special writing to that opinion, concurring in part and dissenting in part, I also concur in part and dissent in part here.