Greenstreet, Inc., is a defendant in an action filed by Nella Dean Hyde in the Walker Circuit Court. Greenstreet has filed a petition for the writ of mandamus, challenging the correctness of the trial court's order in which it continued Greenstreet's motion to compel arbitration, in order for the plaintiff to conduct discovery *Page 1205 
"into any area which under Alabama law would operate to revoke or invalidate the arbitration provision." We grant Greenstreet's petition in part and deny it in part.
 Facts
Hyde, a 64-year-old woman claiming to have a monthly income of $739, borrowed money from Greenstreet on numerous occasions, beginning July 10, 1998. In connection with several of those transactions, Hyde executed "Deferred Presentment Services Agreements" containing the following arbitration agreement:
 "ARBITRATION: I hereby acknowledge and agree that the transaction that I am entering herein with Greenstreet, Inc., and all past transactions which I have entered into with Greenstreet, Inc. involve, affect or otherwise have a direct impact on interstate commerce. I further agree that all claims, demands, disputes, or controversy of every kind or nature between me and Greenstreet, Inc. which arise from, concern or relate to any of the negotiations involved in all transactions between me and Greenstreet, Inc., the terms of the transactions or the interpretation of any documents related to the transactions or otherwise related arise from or relate to the transactions between me and Greenstreet, Inc. shall be settled by binding arbitration conducted pursuant to the Rules of the American Arbitration Association [sic]. The parties to this agreement understand that by entering into this agreement the parties are waiving their rights to a jury trial and that arbitration shall be the sole method of resolving any and all disputes between the parties. The parties further agree that any question or issue regarding whether a particular controversy or matter arises out of or relates to or is otherwise subject to this arbitration agreement shall be decided by the arbitrator. The parties further understand that they are waiving their right for the Court or a jury to make a determination as to whether such controversies or disputes arise out of or relate to the transactions between the parties to this agreement."[1]
Hyde filed a putative class action on December 10, 1999, alleging that Greenstreet and other defendants had assessed finance charges at an annual percentage rate in excess of that allowed under Alabama *Page 1206 
law, with annual percentage rates exceeding 200% and with some as high as 522%. She alleges violations of the Alabama Mini-Code and seeks relief under theories of negligence, the tort of outrage, theft by deception, unjust enrichment, and money had and received.
Greenstreet filed a motion to compel arbitration and made an evidentiary submission in support of that motion. Hyde filed no formal response or opposition to that motion, but instead sought discovery on issues related to
 "those which go to the proof of contract defenses under Alabama law for any contract, including, but not limited to, unconscionability; consideration; mistakes of law or fact; fraud as it relates to the arbitration provision; the object and legality of the object of the contract; the capacity of the parties; relative sophistication of the parties; and whether there was a meeting of the minds sufficient to create a valid, binding and enforceable contract."
Hyde filed a motion to continue the motion to compel arbitration, and, on July 10, 2000, the trial court granted her motion. The order granting Hyde's motion allowed discovery into "any area which, under Alabama law, would operate to revoke or invalidate the arbitration provision" and provided that "[d]iscovery shall not be allowed on any issue other than the validity and enforceability of the arbitration provision." Hyde was allowed 120 days in which to complete this discovery.
Citing Ex parte Dickinson, 711 So.2d 984 (Ala. 1998), andFirst Family Financial Services, Inc. v. Jackson, 786 So.2d 1121
(Ala. 2000), Greenstreet seeks mandamus relief, asserting that, in order to establish a right to conduct discovery, Hyde was required to indicate specifically what facts she intended to uncover during discovery. Greenstreet asserts in its petition that, "[h]aving failed to meet her burden of adducing specific facts on the issue of arbitrability, plaintiff is not entitled to the discovery sought."
Greenstreet also asserts that, based on the language of the arbitration agreement, the parties have agreed to have an arbitrator decide all issues of arbitrability, and, thus, that the trial court's order allowing discovery invades the province of the arbitrator. Finally, Greenstreet asserts that discovery is either not allowed or is severely restricted as to claims subject to an arbitration agreement and that the trial court's order allowing discovery is antithetical to the very purpose of arbitration. Greenstreet asks this Court to vacate the trial court's order allowing discovery and to direct the trial court to enter an order compelling Hyde to arbitrate her claims.
 Appropriate Standards "`Mandamus is an extraordinary remedy and requires a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"
Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (citations omitted). A petition for the writ of mandamus is the appropriate vehicle for challenging a trial court's ruling on a discovery motion. The writ will not issue, however, unless the appellate court determines that, based upon all the facts that were before the trial court, that court clearly abused its discretion. Ex parte Steiner, 730 So.2d 599 *Page 1207 
(Ala. 1998); Ex parte Toyokuni Co., Ltd., 715 So.2d 786 (Ala. 1998).
 Analysis
The primary issue presented by this petition is whether the trial court clearly abused its discretion in allowing Hyde to conduct discovery on the issue of the validity and enforceability of the arbitration provision. We hold that the trial court abused its discretion in allowing Hyde to conduct discovery without first making a factual showing as to why that discovery was justified. Therefore, we grant, in part, Greenstreet's petition. However, for the reasons set forth below, we also find it inappropriate, at this juncture, to grant that portion of Greenstreet's petition seeking a writ directing the trial court to compel arbitration of Hyde's claims. Accordingly, we deny that portion of Greenstreet's petition.
We have repeatedly analogized a trial court's duty in ruling on a motion to compel arbitration to its duty in ruling on a motion for a summary judgment. See Southern Energy Homes, Inc. v. Harcus, 754 So.2d 622,625-26 (Ala. 1999), citing Allied Bruce Terminix Cos. v. Dobson,684 So.2d 102, 108 (Ala. 1995); First Family Fin. Servs. v. Jackson, supra; Fleetwood Enters. v. Bruno, 784 So.2d 277 (Ala. 2000); PremiereAuto. Group, Inc. v. Welch, 794 So.2d 1078 (Ala. 2001). Resolution of the issue presented by this petition requires us to further refine our application, by analogy, of the practice under Rule 56, Ala.R.Civ.P., dealing with a motion for summary judgment, to a motion to compel arbitration. While the summary-judgment procedure is not a perfect matrix for dealing with arbitration, many aspects of it are useful. The difficulty here lies in harmonizing the practice under Rule 56, where hearings without adequate time for discovery are inappropriate, with demands for arbitration, a method of dispute resolution where discovery is the exception and not the norm.
At a trial on the issue whether a dispute is subject to arbitration, the party moving for arbitration has the burden of proving the existence of a contract containing an arbitration clause, in a transaction that substantially affects interstate commerce. See Sisters of the Visitationv. Cochran Plastering Co., 775 So.2d 759, 765 (Ala. 2000). If the party moving to compel arbitration fails to make such a showing, the burden of proof does not shift to the opposing party and the motion should be denied. See Ex parte General Motors Corp., 769 So.2d 903 (Ala. 1999) (holding that burden-shifting depends upon the movant's ultimate burden at trial).
Greenstreet moved to compel arbitration of every claim asserted against it by Hyde. Rather than responding to the merits of the motion to compel, Hyde sought discovery on the issue of contract defenses applicable to the entire agreement, as well as discovery on those contract defenses applicable solely to the arbitration agreement. The trial court allowed discovery, but only on those contract defenses applicable to the arbitration agreement, obviously deferring its consideration of the motion to compel arbitration until limited discovery had been completed.
In First Family Financial Services, supra, this Court addressed a claim substantially similar to the one presented to the trial court in the instant case. In First Family Financial Services, the defendant moved to compel arbitration, and Jackson, the plaintiff, sought discovery to prove that the arbitration agreement was *Page 1208 
unconscionable. However, Jackson presented no evidence in opposition to the motion to compel arbitration. The trial court denied the motion to compel arbitration; this Court reversed.
Justice Lyons, writing for the Court, stated:
 "The problem in this case is that Jackson did not present the substantial evidence [necessary to support a finding that an arbitration clause is unconscionable], but seeks the opportunity to create a record containing such evidence. Jackson asked for an opportunity to conduct discovery, but he offered no evidence whatever in opposition to First Family's motion to compel arbitration. Discovery is not necessary in order for a party to present evidence, such as the party's affidavit detailing the facts about which he has knowledge, or a compilation of information regarding the number of finance companies that will not make consumer loans without the borrower's signing an arbitration clause or agreement. We recently addressed a similar question in Fleetwood Enterprises, Inc. v. Bruno, 784 So.2d 277 (Ala. 2000). In that case, the plaintiff had requested an evidentiary hearing, but had submitted no evidence opposing the defendant's motion to compel arbitration. Justice Lyons, in a special concurrence in Fleetwood Enterprises, wrote:
 "`It is well settled that a motion to compel arbitration is analogous to a motion for summary judgment. After a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence indicating that the supposed arbitration agreement is not valid or does not apply to the dispute in question.
 "`None of [the plaintiff] Bruno's three responses to the motions to compel arbitration was supported by any evidentiary material. Bruno's requests for an evidentiary hearing, standing alone, are not the equivalent of submission of evidence. We do not permit a party to defeat an opposing party's motion for summary judgment simply by requesting an evidentiary hearing. . . . We cannot justify disparate procedural treatment based simply on the fact that the underlying facts of this case may, if properly presented, demonstrate unconscionability of an arbitration agreement.'
 "784 So.2d at 281 — 82 (Lyons, J., concurring specially) (citations and footnotes omitted)."
First Family Fin. Servs., 786 So.2d at 1130. Because Jackson offered no evidence in opposition to First Family's motion to compel arbitration, we held in First Family Financial Services that the trial court had erred in denying the defendant's motion to compel arbitration. Id.
However, as previously noted, the application by analogy of the practice under Rule 56, Ala.R.Civ.P., dealing with motions for summary judgment, to motions to compel arbitration, is not a perfect fit. Under certain circumstances, the evidence necessary to challenge the enforceability of an arbitration provision may be exclusively within the other party's possession. Under those circumstances, the party opposing arbitration will be unable or virtually unable to obtain the necessary evidence except through discovery. Thus, if, before allowing that party to conduct discovery, this Court requires that party to present substantial evidence of the defenses to arbitration that party expects to uncover during discovery, such a requirement could *Page 1209 
well eliminate the very defenses recognized by federal law (and hence by Alabama law) as legitimate defenses against a properly supported motion to compel arbitration. Such a result would be untenable.
We are mindful that discovery is not a tool by which a party may annoy, embarrass, or unduly burden the opposing party. Rule 26, Ala.R.Civ.P. While a showing of good cause is not ordinarily required in order to justify discovery in a civil action, in a case ostensibly subject to arbitration, as established by a properly supported motion to compel, to require a party to present some degree of factual specificity as to the necessity of the discovery does not impose an unreasonable burden. However, to require, without exception, that a plaintiff present substantial evidence of what she expects to find during discovery on the issue whether the agreement to arbitrate is enforceable, before allowing her to conduct that discovery, seems unreasonably harsh.
In an attempt to resolve the issues presented by this petition, we must balance these competing interests and shifting burdens of production. We hold that once a moving party has satisfied its burden of production by making a prima facie showing that an agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce, the burden of persuasion shifts to the party opposing arbitration. If that party presents no evidence in opposition to a properly supported motion to compel arbitration, then the trial court should grant the motion to compel arbitration.
Additionally, if the party opposing a properly supported motion to compel arbitration desires discovery, that party must present a factually based predicate before a right to conduct discovery regarding matters that could invalidate the agreement to arbitrate arises. See Ex parteDickinson, 711 So.2d 984 (Ala. 1998); Premiere Auto. Group v. Welch,794 So.2d 1078 (Ala. 2001); and Ex parte Jim Burke Auto., Inc.,776 So.2d 118 (Ala. 2000). At a minimum, a party opposing a properly supported motion to compel arbitration and seeking discovery on issues that could invalidate the arbitration agreement must provide an affidavit describing the circumstances that are within its knowledge and that are relevant to its claimed defenses to arbitration. Where information beyond the knowledge of the opposing party is essential to the resolution of the issue and discovery regarding that information is necessary, the trial court and the parties should turn to Rule 56(f), to the extent practicable, as it deals with the circumstances appropriate for continuing a hearing on a motion for summary judgment. An accumulated body of precedent exists under Rule 56(f) that should guide the trial court in disposing of the issue of the necessity for discovery on matters that might provide a basis for defending against a motion to compel arbitration.
We acknowledge that, at first blush, this Court's holding in FirstFamily Financial Services appears to dispose of the issues presented by this petition. However, First Family Financial Services and the instant case are distinguishable. In First Family Financial Services, the plaintiff opposed the motion to compel arbitration on its merits and also asked for discovery. The trial court entered an order denying arbitration, based upon a waiver. This Court found the waiver insufficient and reversed, requiring arbitration. While this fact was not specifically addressed in the opinion, the plaintiff's *Page 1210 
effort to obtain further discovery did not satisfy the requirements of Rule 56(f). A party's failure to submit contradictory evidence before a court rules on a motion for summary judgment limits the record to matters before the court at the time of the ruling. Moore v. Glover,501 So.2d 1187 (Ala. 1986). In First Family Financial Services, we did not remand for discovery on the arbitration issues, because the plaintiff had made an insufficient evidentiary showing before the trial court ruled on the motion to compel.
In this case, unlike in First Family Financial Services, the trial court has not ruled on the motion to compel arbitration. Neither Hyde nor the trial court had the benefit of our holding in First Family FinancialServices when the trial court ordered limited discovery. Under these circumstances, we find it inappropriate to issue a writ directing the trial court to compel arbitration. Thus, we deny Greenstreet's request for a writ of mandamus directing the trial court to grant Greenstreet's motion to compel arbitration.[2] However, we direct the trial court to immediately set for a hearing Greenstreet's motion to compel arbitration. If that motion is properly supported and if Hyde does not formally oppose that motion, then the circuit court is directed to grant it.
We also find it inappropriate to allow the trial court's order, allowing Hyde to conduct limited discovery into the validity and enforceability of the arbitration provision, to stand. Hyde offered nothing in opposition to Greenstreet's motion to compel arbitration, and the trial court did not require any degree of factual specificity from Hyde in support of her request for discovery. Under the factually-based-predicate standard established herein, it would be a clear abuse of the trial court's discretion to allow Hyde to conduct discovery without a factual showing as to why that discovery was justified.
For these reasons, Greenstreet is entitled to a portion of the relief it seeks. The Walker Circuit Court is directed to vacate its order allowing discovery in Hyde's action. However, because neither Hyde nor the trial court had the benefit of this Court's detailed analysis regarding the factually-based-predicate standard at the time the discovery order was issued,[3] we believe *Page 1211 
it is appropriate to allow Hyde an opportunity to meet that factually-based-predicate standard in order to establish her right to the discovery she seeks. However, any further proceedings involving discovery on the issue of arbitrability shall be consistent with this opinion.
 Conclusion
We grant Greenstreet's petition for the writ of mandamus in part and deny it in part. We direct the Walker Circuit Court to immediately set for a hearing Greenstreet's motion to compel arbitration. We also direct the Walker Circuit Court to vacate its order allowing Hyde to conduct discovery. We further direct the Walker Circuit Court to require Hyde to meet the factually-based-predicate standard before allowing any discovery in this action on the issue of arbitrability. Any further proceedings in the trial court involving the enforceability of the arbitration provision and discovery on the issue of arbitrability shall be consistent with this opinion.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Houston, See, Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.
Moore, C.J., concurs in part and dissents in part.
[1] Greenstreet alleges in its petition that Hyde signed additional Deferred Presentment Services Agreements containing the following revised arbitration provision:
 "Customer and Greenstreet, Inc. WAIVE THEIR RIGHT TO A TRIAL BY JURY and to the judicial process in any action brought in connection with this Agreement or the services rendered pursuant to this Agreement. All claims, controversies, and disputes arising out of or relating in anyway [sic] to this deferred presentment transaction, including but not limited to fees, interest, or other charges and all misrepresentation, or fraud in the inducement of this contract shall be RESOLVED BY BINDING ARBITRATION administered by the American Arbitration Association (`AAA') pursuant to the Federal Arbitration Act (`FAA'), according to the rules and procedures of the AAA. Any contests to the validity or enforceability of this Agreement shall be determined by the provisions of the FAA and the rules of the AAA. The parties agree that this deferred presentment transaction involves interstate commerce and is subject to arbitration."
(Emphasis added in Greenstreet's petition.) However, because the petition submitted by Greenstreet provides no factual support for this allegation, we do not consider this arbitration provision or the arguments related thereto. Our failure to consider this allegation does not alter the result of this opinion or our analysis of the issues.
[2] Greenstreet also argues that Hyde is not entitled to discovery because, it says, the parties expressly agreed to have all issues, including those related to enforceability, determined by the arbitrator, and because discovery is not allowed, or is severely limited, in arbitration. However, it is the initial role of the trial court to determine whether an enforceable arbitration agreement exists.Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995). If a party opposing enforcement of an arbitration agreement raises an appropriate ground, this Court has held, it is the duty of the trial court to determine, as a preliminary matter, whether an enforceable arbitration agreement exists, before compelling the parties to arbitrate. See, e.g.,Ex parte Perry, 744 So.2d 859 (Ala. 1999). This holding does not violate the FAA. See 9 U.S.C. § 2; Allied-Bruce Terminix Cos., 513 U.S. 265.
Hyde seeks discovery on the issue of, among others, "fraud as it relates to the arbitration provision." Thus, Hyde is challenging the validity of the arbitration agreement itself. This is an issue for the trial court to resolve, and the trial court has not yet determined whether an enforceable arbitration agreement exists. Moreover, allowing discovery on the issue of the enforceability of the arbitration agreement is not equivalent to allowing discovery on the merits of Hyde's claims. For these reasons, we find it inappropriate, at this juncture, to grant Greenstreet's request to compel arbitration of Hyde's claims.
[3] Obviously, when the trial court issued its order allowing discovery, this Court had not released the analysis contained in this opinion. We also note that, when the trial court issued its order allowing discovery, this Court had not released the opinion in Premiere AutomotiveGroup, supra, or the opinion in Ex parte Jim Burke Automotive, Inc., supra.