CRAWLEY, Judge.
Washington Mutual Finance, LLC (hereinafter referred to as “WMF”), appeals from the circuit court’s denial of its motion to compel arbitration. We affirm.
On December 15, 2000, WMF filed a complaint in the district court seeking compensatory damages and court costs against Joe Ann Steele based on claims alleging breach of contract and, in the alternative, open account arising out of a loan agreement that WMF and Steele entered into on September 8, 1999. After a trial, the district court entered a judgment against Steele and in favor of WMF in the amount of $5,000, plus court costs. On September 4, 2001, Steele filed a notice of appeal to the circuit court for a trial de novo.
On November 26, 2001, Steele filed an answer and counterclaims seeking compensatory and punitive damages against WMF for invasion of privacy and intentional infliction of emotional distress. On January 28, 2002, WMF filed an answer to Steele’s counterclaims and a motion to compel arbitration. In support of its motion to compel arbitration, WMF attached an alternative-dispute-resolution agreement and a federal disclosure statement, both of which Steele signed on September 8, 1999, as part of the loan transaction. On March 12, 2002, Steele filed a response to WMF’s motion to compel arbitration, arguing that WMF had waived its right to compel arbitration by filing its complaint in the district court. Steele attached to her response a copy of the case action summary sheet from the district court, a copy of the alternative-dispute-resolution agreement, and supporting caselaw.
On March 15, 2002, after conducting a hearing on WMF’s motion to compel arbitration, the circuit court entered an order denying WMF’s motion, determining (1) that the underlying transaction did not substantially affect interstate commerce and (2) that, even if it did, WMF had waived its right to compel arbitration. On April 10, 2002, WMF filed a motion requesting the circuit court to reconsider its judgment and seeking relief from the judgment pursuant to Rule 60(b), Ala. R. Civ. P. Attached to WMF’s postjudgment motion were the affidavits of David Ryan, a WMF branch manager, and Elizabeth Raines, a WMF accounting manager. Both affidavits set forth statements attempting to show that the underlying transaction had a substantial effect on interstate commerce.
On April 26, 2002, the circuit court entered an order denying WMF’s post-judgment motion. In that order, the trial court stated, in pertinent part:
“On March 15, 2002, this court entered an order on the evidence before the court at that time, overruling and denying the motion to dismiss/stay and compel arbitration filed by [WMF].
“In [WMF’s] motion to reconsider and motion for relief from order pursuant to Rule 60(b), [WMF] alleges and attaches materials and matters which were not before the court when the court entered its order of March 15, 2002.
“It is this court’s opinion that it is not appropriate or proper for a party to file a motion and have a hearing thereon and speculate on the decision of the court, and after the court renders its decision, the party ([WMF] in this case) attempts] to present matters in a motion for reconsideration which were not *558 before the court when the court entered its order of March 15, 2002.”
WMF filed a notice of appeal to the supreme court that same day. On May 20, 2002, this case was transferred to this court by the supreme court.
On appeal, WMF argues that the circuit court erred in denying its motion to compel arbitration because, it says, (1) the underlying transaction had a substantial effect on interstate commerce and (2) it did not waive its right to compel arbitration. In Aronov Realty Brokerage, Inc. v. Morris, 838 So.2d 348 (Ala.2002)(plurality opinion), our supreme court noted:
“ ‘A motion to compel arbitration is analogous to a motion for a summary judgment. The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce. Once such a prima facie showing has been made, the burden shifts to the paHy opposing arbitration to present some evidence indicating that there is no arbitration agreement subject to specific enforcement under the [Federal Arbitration Act, 9 U.S.C. § 1 et seq.J. If the party opposing arbitration presents sufficient evidence to create a fact question as to the existence of a valid arbitration agreement, then the issue must be resolved by the trial court or by a jury, if one is requested.’
“Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999) (citation omitted [in Aronov Realty ]) (emphasis added [in Aronov Realty ]). See also Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000). The effect of the transaction on interstate commerce must be substantial. See Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759, 761 (Ala.2000)(citing United States v. Lopez, 514 U.S. 549, 559, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)). ‘If the party seeking to enforce the arbitration agreement fails to make such a showing, then the opposing party has no burden of resisting arbitration and the motion should be denied.’ Brown v. Dewitt, Inc., 808 So.2d 11, 14 (Ala.2001)(citing Ex parte Greenstreet, Inc., 806 So.2d 1203 (Ala.2001); Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999)).”
838 So.2d at 353.
The only evidence submitted with WMF’s motion to compel arbitration was the alternative-dispute-resolution agreement and a federal disclosure statement. That alternative-dispute-resolution agreement contains the following clause:
“(2) The parties anticipate that the funding to make Borrower’s loan pursuant to the Loan Agreement will come from sources outside the State of Alabama. Further, Lender’s credit forms and related documents are printed and data processing for Borrower’s loan is performed outside the State of Alabama. Therefore, Lender and Borrower acknowledge and agree that the Loan Agreement involves ‘commerce’ as defined in the United States Arbitration Act, Title 9, United States Code, ‘Arbitration,’ hereinafter referred to as the ‘USAA.’ ”
Such recitations in an arbitration clause have been held not to meet a proponent’s burden of showing that a transaction did in fact substantially affect interstate commerce. See Aronov Realty, 838 So.2d at 359; Green Tree Fin. Corp. v. Lewis, 813 So.2d 820, 823 (Ala.2001); and Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999).
No evidence was submitted in support of WMF’s motion to compel arbitration to prove that this transaction had a substantial effect on interstate commerce. WMF *559 acknowledged as much in its postjudgment motion when it stated “at the ... hearing, the issue of whether the underlying transaction between [WMF] and Steele involved interstate commerce was not raised or discussed.” (R. 91.) Accordingly, the circuit court’s order denying WMF’s motion to compel arbitration is due to be affirmed. See Aronov Realty, 838 So.2d at 353-54 (“Turning first to Maxwell’s motion to compel arbitration, we have noted that she failed to attach to her motion any supporting materials. Other than incorporating by reference the agreement attached to Morris’s complaint, Maxwell failed to submit any evidence showing that the agreement evidenced a transaction that affected, to any degree, interstate commerce.... Maxwell failed to meet her burden of proof as described in Ex parte Caver, [742 So.2d 168 (Ala.1999) ], and the trial court’s denial of her motion to compel arbitration is due to be affirmed.”).
While Steele filed a response to WMF’s motion to compel arbitration in which she argued that WMF had waived its right to compel arbitration by filing its claim and receiving a judgment in the district court, she had no burden to resist arbitration because WMF had failed to make the initial showing required to compel arbitration. Aronov Realty, 838 So.2d at 358 (quoting Brown v. Dewitt, Inc., 808 So.2d 11, 14 (Ala.2001) (citing Ex parte Greenstreet, Inc., 806 So.2d 1203 (Ala.2001); Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999))). Further, the circuit court denied WMF’s motion to compel arbitration because it determined (1) that the transaction did not substantially affect interstate commerce and (2) that WMF had waived its right to compel arbitration; however, it is not necessary to address the waiver ground because WMF failed to make the showing required to compel arbitration.
The supporting affidavits filed by WMF with its postjudgment motion were not before the circuit court when it initially ruled on WMF’s motion to compel arbitration. Because a motion to compel arbitration is analogous to a motion for a summary judgment, Aronov Realty, 838 So.2d at 353 (quoting Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999)), we conclude that the circuit court’s judgment is due to be affirmed. See Prudential Ins. Co. of America v. Coleman, 428 So.2d 593, 598 (Ala.1983) (“In determining the propriety of summary judgment, ... we are limited in our review to the same factors considered by the trial court when it initially ruled on the motion, Ex parte Bagby Elevator & Electric Co., Inc., 383 So.2d 173 (Ala.1980), and on such a motion the trial court can consider only the material which is before it at the time of submission of the motion. Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980).”).
AFFIRMED.
YATES, P.J., and THOMPSON, J„ concur.
PITTMAN and MURDOCK, JJ., dissent.