JOHNSTONE, Justice.
The defendant AmSouth Bank appeals the order of the trial court denying the motion of AmSouth to compel the plaintiff Beulah H. Looney to arbitrate her claims against AmSouth. We reverse and remand with instructions.
Looney, a customer of AmSouth, sued AmSouth and its employee Helen Kendrick[1] for invasion of privacy and intentional infliction of emotional distress for disclosing information about Looney’s Am-South bank accounts to certain persons. Relying on arbitration agreements contained in the “Customer Agreements” between Looney and AmSouth, AmSouth moved to compel arbitration. In support of the motion AmSouth submitted an affidavit by its Senior Vice President Cynthia Rogers, copies of the “account package forms” signed by Looney, and copies of the *1209 “Customer Agreements” on Looney’s Am-South accounts.
Rogers states facts in her affidavit that establish her competency to testify to all the facts stated in the affidavit. Rogers’s affidavit further states facts establishing that, over a period of years, Looney maintained three accounts with AmSouth; that, in establishing or maintaining each account, Looney signed at least one document accepting the terms and acknowledging receipt of a “Customer Agreement” with AmSouth; and that the “Customer Agreement” contains an arbitration agreement. Rogers’s affidavit authenticates and supplies as attachments the documents signed by Looney and the documents incorporated by the ones signed by Looney, including the “Customer Agreement” containing the arbitration agreement. The terms of the arbitration agreement establish, and Looney does not deny, that her claims against AmSouth are within the ambit of the arbitration agreement. Rogers’s affidavit states further facts to prove a nexus between Looney’s AmSouth accounts and interstate commerce sufficient for the Federal Arbitration Act (“FAA”) to apply to the arbitration agreement.
Responding to the arbitration motion, Looney did not attack the grounds asserted by AmSouth to invoke arbitration but, instead, requested production of these documents:
“1. All account cards or documents reflecting the creation of any checking, savings, C.D., or other form of depository account created by the Plaintiff and/or any member of the Plaintiffs family with AmSouth Bank at any time in the last twenty-five years next preceding the date hereof.
“2. A copy of all letters, or other correspondence sent to the Plaintiff between January 1, 1998 through the date of this request that in any way reflects sending of any documents or other correspondence to her concerning her accounts being maintained by her at Am-South Bank.
“3. A copy of all documents entitled Customer Agreement for Depository Accounts that have been executed or signed by Beulah Looney, the Plaintiff herein.
“4. To produce for copying and inspection a copy of all Customer Agreement Forms utilized by AmSouth Bank since January 1, 1998 through the date of this request.
“5. A copy of all Customer Agreements utilized by AmSouth Bank between January 1, 1970 through the date of this request.
“6. To produce each and every document maintained by you that in any way shows or avers that the Plaintiff herein signed and acknowledged [a] Customer Agreement with AmSouth Bank that contains an Arbitration Agreement.”
Looney moved to defer a ruling on the motion to compel arbitration long enough for Looney to obtain the requested documents to prepare defenses to the arbitration motion. To support her request for documents, Looney submitted an affidavit stating:
“1. I, Beulah H. Looney, am the Plaintiff in the above styled action.
“2. I have filed this suit because [AmSouth] and a former employee, contrary to [AmSouth’s] privacy policy, evaded [sic] my account for information and disbursed [sic] it to others causing me much mental pain and anguish and embarrassment.
“3. AmSouth Bank has averred that this [dispute] is subject to arbitration.
“4. I have had accounts with Am-South Bank since 1979.
*1210 “5. At that time, there was no Arbitration Agreement and I have never signed one.
“6. Furthermore, I never recall seeing any documents in dealing with Am-South Bank that contained an Arbitration Agreement. I have certainly never signed any documents containing an Arbitration Agreement and did not know what arbitration was until this cause was filed and [AmSouth] responded compelling arbitration.
“7. In fact, the only new activity I have had with AmSouth Bank was in 1999 and that was simply taking my deceased husband’s name off the accounts and adding one or more of my children’s name to accounts and/or shifting money into new accounts with my children.
“8. I also have concerns that one of the documents AmSouth Bank is seeking to enforce is the document that was not even created until sometime after December of 1999.
“9. The other document in support of their motion contains an Arbitration Agreement [that] has no date printed thereon so it is not clear where that document was created and how in the world I would have been provided a copy of the same.
“10. That is why we have asked for discovery to determine the exact events surrounding how and when I would have obtained, seen, or been allowed to know about an Arbitration Agreement being entered.
“11. The information I have requested would help in that regard.
“12. In light of cases recently issued by the Alabama Supreme Court shown to me by my attorney, I am aware that the Supreme Court has said that all documents delivered or claimed to have been delivered to individuals by which one party seeks to enforce arbitration must be both conspicuous and/or signed and agreed to leads me to request the information in discovery that I have now sought.”
AmSouth filed an objection to the request for discovery and a motion to strike the affidavit by Looney. Citing Ex parte Greenstreet, 806 So.2d 1203 (Ala.2001) (hereinafter “Greenstreet I ”), AmSouth argued that, because Looney had not stated any facts to demonstrate any defense to the arbitration agreement, her request for discovery should be denied and her affidavit should be stricken.
The trial court granted the request by Looney for discovery of the requested documents, denied the motion by AmSouth to strike the affidavit by Looney, and denied the motion by AmSouth to compel Looney to arbitrate her claims:
“The Plaintiffs motion to produce to AmSouth Bank the subject of this motion to compel is granted under ARCP 37(a) and they are given 30 days in which to produce the materials without objection or claim of privilege. The Court is aware that this may go to some issue subject to arbitration but it shall determine if in fact this account is subject to arbitration. AmSouth Bank’s motion to strike the affidavit of the Plaintiff is denied. Motion to compel arbitration and to stay is denied at this time.”
Thereafter, AmSouth filed a “Motion to Amend and Clarify” this order on the ground that the trial court had ordered discovery on the arbitration issue yet had denied the motion to compel arbitration. AmSouth filed its appeal of the order before the trial court ruled on the motion to clarify.
Looney, the appellee before us, argues that the order of the trial court granting *1211 the discovery request and denying the motion to compel arbitration is not a final, appealable order. Looney argues also that this order is not reviewable by a petition for a writ of mandamus, if this Court should decide to treat this appeal as a petition for a writ of mandamus. The essence of these arguments by Looney is that the trial judge exercised his discretion to order discovery and, Looney says, to defer a ruling on the arbitration motion. However, contrary to Looney’s contention, the trial judge did not defer his ruling on the arbitration motion pending discovery. The record shows that the trial judge denied the motion to compel arbitration.
Rule 4(d), Ala. R.App. P., governs appellate review of orders granting or denying motions to compel arbitration. That rule provides:
“An order granting or denying a motion to compel arbitration is appealable as a matter of right, and any appeal from such an order must be taken within 42 days (6 weeks) of the date of the entry of the order.... ”
The Court Comment to Rule 4(d) reads:
“Before the adoption of Rule 4(d), review of an order granting a motion to compel arbitration was by a petition for a writ of mandamus, while review of an order denying a motion to compel arbitration was by appeal. Rule 4(d) provides that review of either the grant or the denial of a motion to compel arbitration is by appeal.”
AmSouth has properly followed Rule 4(d) in filing an appeal of the order of the trial court denying the motion to compel arbitration. Indeed, the denial of the motion to compel confronted AmSouth with the mutually exclusive choices of either appealing the denial or losing any right to compel arbitration.
AmSouth claims that it has proved the existence of a valid agreement to arbitrate in a transaction involving interstate commerce. Thus, AmSouth argues that the FAA governs this dispute and requires Looney to arbitrate her claims against AmSouth. AmSouth claims that Looney did not present a valid defense to arbitration and did not deny that
“(1) she signed documents expressly incorporating the Customer Agreement, (2) the Customer Agreement contained the arbitration provision and (B) she received copies of the Customer Agreement in November 1999 and a revision in December 1999.”
(AmSouth Bank’s brief, p. 17.)
Looney does not seek to avoid arbitration by arguing that the interstate commerce criterion necessary for the application of the FAA is not satisfied. Looney does, however, seek to avoid arbitration by arguing for the first time on appeal that AmSouth waived its right to arbitration by answering the complaint and initiating discovery. Because Looney did not argue waiver to the trial court, we cannot address this argument. Landers v. O’Neal Steel, Inc., 564 So.2d 925, 926 (Ala.1990) (“This Court will not review an issue raised for the first time on appeal.”). This opinion will address only whether the trial court erred in denying the motion to compel arbitration while simultaneously ordering discovery on the issue of arbitration.
In Greenstreet I, this Court recognized a plaintiffs right to discovery to prove a defense to arbitration:
“Greenstreet moved to compel arbitration of every claim asserted against it by Hyde. Rather than responding to the merits of the motion to compel, Hyde sought discovery on the issue of contract defenses applicable to the entire agreement, as well as discovery on those contract defenses applicable solely to the arbitration agreement. The trial court *1212 allowed discovery, but only on those contract defenses applicable to the arbitration agreement, obviously deferring its consideration of the motion to compel arbitration until limited discovery had been completed.
“In First Family Financial Services [v. Jackson, 786 So.2d 1121 (Ala.2000)], this Court addressed a claim substantially similar to the one presented to the trial court in the instant case. In First Family Financial Services, the defendant moved to compel arbitration, and Jackson, the plaintiff, sought discovery to prove that the arbitration agreement was unconscionable. However, Jackson presented no evidence in opposition to the motion to compel arbitration. The trial court denied the motion to compel arbitration; this Court reversed.
“Justice Lyons, writing for the Court, stated:
“ ‘The problem in this case is that Jackson did not present the substantial evidence [necessary to support a finding that an arbitration clause is unconscionable], but seeks the opportunity to create a record containing such evidence. Jackson asked for an opportunity to conduct discovery, but he offered no evidence whatever in opposition to First Family’s motion to compel arbitration. Discovery is not necessary in order for a party to present evidence, such as the party’s affidavit detailing the facts about which he has knowledge, or a compilation of information regarding the number of finance companies that will not make consumer loans without the borrower’s signing an arbitration clause or agreement. We recently addressed a similar question in Fleetwood Enterprises, Inc. v. Bruno, 784 So.2d 277 (Ala.2000). In that case, the plaintiff had requested an eviden-tiary hearing, but had submitted no evidence opposing the defendant’s motion to compel arbitration. Justice Lyons, in a special concurrence in Fleetwood Enterprises, wrote:
“ ‘ “It is,well settled that a motion to compel arbitration is analogous to a motion for summary judgment. After a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence indicating that the supposed arbitration agreement is not valid or does not apply to the dispute in question.
“ ‘ “None of [the plaintiff] Bruno’s three responses to the motions to compel arbitration was supported by any evidentiary material. Bruno’s requests for an evidentiary hearing, standing alone, are not the equivalent of submission of evidence. We do not permit a party to defeat an opposing party’s motion for summary judgment simply by requesting an evidentiary hearing.... We cannot justify disparate procedural treatment based simply on the fact that the underlying facts of this case may, if properly presented, demonstrate unconsciona-bility of an arbitration agreement.”
“ ‘784 So.2d at 281-82 (Lyons, J., concurring specially) (citations and footnotes omitted).’
“First Family Fin. Servs., 786 So.2d at 1130. Because Jackson offered no evidence in opposition to First Family’s motion to compel arbitration, we held in First Family Financial Services that the trial court had erred in denying the defendant’s motion to compel arbitration. Id.
“However, as previously noted, the application by analogy of the practice under Rule 56, Ala. R. Civ. P., dealing with motions for summary judgment, to *1213 motions to compel arbitration, is not a perfect fit. Under certain circumstances, the evidence necessary to challenge the enforceability of an arbitration provision may be exclusively within the other party’s possession. Under those circumstances, the party opposing arbitration will be unable or virtually unable to obtain the necessary evidence except through discovery. Thus, if, before allowing that party to conduct discovery, this Court requires that party to present substantial evidence of the defenses to arbitration that party expects to uncover during discovery, such a requirement could well eliminate the very defenses recognized by federal law (and hence by Alabama law) as legitimate defenses against a properly supported motion to compel arbitration. Such a result would be untenable.
“We are mindful that discovery is not a tool by which a party may annoy, embarrass, or unduly burden the opposing party. Rule 26, Ala. R. Civ. P. While a showing of good cause is not ordinarily required in order to justify discovery in a civil action, in a case ostensibly subject to arbitration, as established by a properly supported motion to compel, to require a party to present some degree of factual specificity as to the necessity of the discovery does not impose an unreasonable burden. However, to require, without exception, that a plaintiff present substantial evidence of what she expects to find during discovery on the issue whether the agreement to arbitrate is enforceable, before allowing her to conduct that discovery, seems unreasonably harsh.
“... We hold that once a moving party has satisfied its burden of production by making a prima facie showing that an agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce, the burden of persuasion shifts to the party opposing arbitration. If that party presents no evidence in opposition to a properly supported motion to compel arbitration, then the trial court should grant the motion to compel arbitration.
“Additionally, if the party opposing a properly supported motion to compel arbitration desires discovery, that party must present a factually based predicate before a right to conduct discovery regarding matters that could invalidate the agreement to arbitrate arises. See Ex parte Dickinson, 711 So.2d 984 (Ala.1998); Premiere Auto. Group v. Welch, 794 So.2d 1078 (Ala.2001); and Ex parte Jim Burke Auto., Inc., 776 So.2d 118 (Ala.2000). At a minimum, a party opposing a properly supported motion to compel arbitration and seeking discovery on issues that could invalidate the arbitration agreement must provide an affidavit describing the circumstances that are within its knowledge and that are relevant to its claimed defenses to arbitration.”
Greenstreet I, 806 So.2d at 1207-09 (some emphasis omitted; some emphasis added); and see Ex parte Greenstreet, Inc., 806 So.2d 1212 (Ala.2001).
By submitting to the trial court her own affidavit, the plaintiff Looney has attempted to comply with the requirement of Greenstreet I that a party opposing arbitration and seeking discovery on the arbitration issue must provide the court with some factual basis for the discovery the party seeks. Looney, however, does not state in her affidavit or in any other materials presented to the trial court why the documents she seeks would invalidate the documents incorporating by reference or containing the arbitration agreement invoked by AmSouth.
*1214 Furthermore, AmSouth apparently has already supplied most of the discovery sought by Looney. The documents were authenticated and supplied by Rogers’s affidavit and have been included in the record before us. The documents signed by Looney are dated. Looney’s mention of the date or absence of a date on two other documents reveals that she already has those documents. Looney does not challenge the genuineness of any of these copies.
While Looney’s affidavit denies that she has ever signed or even seen an arbitration agreement with AmSouth, her affidavit does not deny that she has signed documents which incorporated the arbitration agreement by reference and that acknowledged her receipt of the arbitration agreement. These signed documents are sufficient to bind her to the terms of the arbitration agreement. Because Looney has not articulated any defense to the arbitration agreement or any facts to demonstrate that her discovery of account documents, other than those already in the record before us, is necessary for her to present a defense to the arbitration agreement, the trial court erred in granting her request for discovery.
In any event, when a trial court orders, as it did in this case, limited discovery on any arbitration issue, the trial court cannot then, pending the discovery, deny the motion to compel arbitration, without precipitating a probable appeal and a likely reversal, as in this case. Such a denial of a motion to compel arbitration immediately puts the movant to the choice of either timely filing a Rule 4(d), Ala. R.App. P., appeal or losing any right later to enforce the arbitration agreement. Upon such an appeal, if the party opposing arbitration has not yet made a record before the trial court sufficient to demonstrate either that the FAA is inapplicable or that the arbitration agreement is invalid or inapplicable — that is, a record sufficient to demonstrate to us that the denial of the motion to compel arbitration is justified— then our only recourse is to reverse the denial, as we must in the case now before us. Moreover, if, as in this case, the party opposing arbitration has not made a record before the trial court sufficient to support the discovery order accompanying the premature denial of the motion to compel arbitration, then our reversal of the denial must be accompanied, as this one hereby is, with an instruction that the trial court not only vacate the denial but also enter an order granting the motion to compel.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOUSTON, LYONS, BROWN, and WOODALL, JJ., concur.

. Defendant Helen Kendrick did not move to compel arbitration. She is not a party to this appeal.