NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

SHIELD SECURITY AND PATROL LLC, *Plaintiff/Appellee*,

*v.*

LIONHEART SECURITY & CONSULTING LLC, et al.,
*Defendants/Appellants*.

No. 1 CA-CV 16-0678
FILED 10-31-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2016-004920
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

---

COUNSEL

Wheelock PC, West Bloomfield, MI
By Joshua James Wheelock
*Counsel for Plaintiff/Appellee*

Law Offices of Mark D. Svejda PLC, Scottsdale
By Mark D. Svejda
*Counsel for Defendants/Appellants*

_____

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

_____

D O W N I E, Judge:

¶1            Lionheart Security & International Consulting, LLC ("Lionheart"), Colin Michael Morrison, Logan Collman, Joshua Hocieniec, Adam Leigh, and Frank Sheldone (collectively, "Defendants") appeal from an order denying their motion to compel arbitration. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Shield Security and Patrol, LLC ("Shield") is an Arizona limited liability company that provides security services. In 2014, Shield's predecessor-in-interest hired Morrison as its general manager. Morrison signed an employment agreement stating that, "[i]f litigation is initiated in any manner, by either Party, pertaining to this Agreement, both Employer and Employee agree to submit to Binding Arbitration under the jurisdiction of the Courts of Maricopa County, Arizona." Collman, Hocieniec, Leigh, and Sheldone were also Shield employees or contractors, but unlike Morrison, they did not sign employment agreements with arbitration clauses.[1]

¶3            Lionheart is also an Arizona limited liability company that provides security services. Morrison, Collman, Hocieniec, Leigh, and Sheldone are members and/or directors of Lionheart.

¶4            Morrison, Sheldone, Hocieniec and Collman resigned from Shield in 2016. According to Shield, they then induced other Shield employees to leave, causing a "massive walk-off of employees that resulted in the inability [of Shield] to provide adequate security services for multiple existing contracts." Shield further alleges that Defendants acted in ways detrimental to Shield before resigning by: (1) informing other employees Shield had changed its name to Lionheart; (2) mispresenting to clients that

_____

[1]      The superior court dismissed defendant Mariam Oulare from the lawsuit.

Shield had changed its name; (3) misrepresenting to clients that Shield and Lionheart were one and the same; and (4) using Shield's property, financial resources, and proprietary information for the benefit of Lionheart.

**¶5**        Four months after Morrison, Sheldone, Hocieniec, and Collman resigned, Shield filed a complaint in superior court, alleging, as relevant here, breach of contract against Morrison and tortious interference with contract, breach of fiduciary duty, unjust enrichment, civil conspiracy, and direct officer liability against all Defendants.

**¶6**        Defendants filed a motion to compel arbitration based on Morrison's employment agreement. They argued that Arizona Revised Statutes ("A.R.S.") section 12-3003(B)(1), which makes the Arizona Revised Uniform Arbitration Act ("AZ-RUAA") inapplicable to employment agreements, is preempted by the Federal Arbitration Act ("FAA"), which applies to employment agreements.[2] Although acknowledging that only Morrison was bound by the employment agreement, Defendants sought to compel arbitration as to all parties. Shield opposed the motion. After oral argument, the superior court denied the motion to compel arbitration.

**¶7**        Defendants timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1). *See U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 253 (App. 1985) ("The denial of a motion to compel arbitration is substantively appealable.").

## DISCUSSION

**¶8**        We review the denial of a motion to compel arbitration *de novo. See Sec. Alarm Fin. Enters., L.P. v. Fuller*, 242 Ariz. 512, 515, ¶ 9 (App. 2017). We will uphold the court's decision if it "is supportable on any grounds." *Lopez v. Cole*, 214 Ariz. 536, 537, ¶ 6 (App. 2007).

---

[2]        Although the parties cite § 12-1517 of the Arizona Uniform Arbitration Act ("AZ-UAA"), we conclude § 12-3003(B)(1) of the Arizona Revised Uniform Arbitration Act ("AZ-RUAA") is the applicable statute. The Arizona Legislature adopted the AZ-RUAA in 2010, and it applies to arbitration agreements made after January 1, 2011. *See* A.R.S. § 12-3003(A)(1); *see also* Bruce E. Meyerson, *Arizona Adopts the Revised Uniform Arbitration Act*, 43 Ariz. St. L.J. 481, 486 (2011). Because Morrison signed his employment agreement in 2014, the AZ-RUAA applies.

## I.      Application of the FAA

**¶9**        Defendants contend the FAA preempts § 12-3003(B)(1) and requires Shield to arbitrate.  The FAA was enacted in 1925 to overcome "judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  By making the FAA applicable to state courts, "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984).

**¶10**        The Arizona Supreme Court has recognized that the FAA "preempts state law and governs all written arbitration agreements involving interstate commerce, making such agreements enforceable in both federal and state courts."  *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 51, ¶ 13 (1999), as amended May 19, 1999.  Under the FAA, courts must stay litigation of arbitrable claims pending arbitration and must compel arbitration in accordance with the terms of the contract.  9 U.S.C. §§ 3, 4; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (applying 9 U.S.C. §§ 3, 4).

**¶11**        The FAA, 9 U.S.C. §§ 1-16, is applicable to employment contracts involving interstate commerce, with the exception of those involving transportation workers. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001); *Hamblen v. Hatch*, 242 Ariz. 483, 488, ¶ 20 (2017) (citing *Circuit City* and acknowledging that "the FAA applies to arbitration agreements in employment contracts").  Conversely, the AZ-RUAA, A.R.S. §§ 12-3001 through -3029, does not apply to employment contracts.  *See* A.R.S. § 12-3003(B)(1) ("[T]his chapter shall not apply to an agreement to arbitrate any existing or subsequent controversy [b]etween an employer and employee or their respective representatives.").

**¶12**        In *North Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301 (2004), the Arizona Supreme Court held that A.R.S. § 12-1517 — the AZ-UAA equivalent to § 12-3003(B)(1) — exempts employment agreements from the AZ-UAA but declined to address whether the FAA preempts Arizona law.  *See id*. at 302 n.2, ¶ 6, 303, ¶ 9.  The court did not address preemption because the party seeking to enforce the arbitration agreement: (1) raised the argument for the first time in a supplemental brief; and (2) "did not ask the trial court to make any finding" that the contracts involved interstate commerce.  *Id*. at 302 n.2, ¶ 6.  A similar situation exists here, making it unnecessary to definitively resolve the preemption question.  Although the FAA applies to employment contracts involving

interstate commerce, Defendants did not establish that Morrison's employment agreement involves interstate commerce.

**¶13** "[C]ourts 'have repeatedly analogized a trial court's duty in ruling on a motion to compel arbitration to its duty in ruling on a motion for a summary judgment.'" *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 596, ¶ 23 (App. 2007). Unlike summary judgment, though, if genuine issues of material fact exist regarding the existence or terms of an arbitration agreement, the trial court holds an evidentiary hearing to resolve the issue. *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365, ¶¶ 13–14 (App. 2003). In deciding whether an evidentiary hearing is necessary, the court applies the same standards applicable to a summary judgment motion. *Id.* at ¶ 14. In *Ruesga*, we cited with approval the Alabama Supreme Court's decision in *Ex parte Greenstreet, Inc.*, 806 So.2d 1203 (Ala. 2001), which explains the movant's burden of proof in seeking to compel arbitration under the FAA:

> [T]he party moving for arbitration has the burden of proving the existence of a contract containing an arbitration clause, **in a transaction that substantially affects interstate commerce**. If the party moving to compel arbitration fails to make such a showing, the burden of proof does not shift to the opposing party and the motion should be denied.

*Ex parte Greenstreet, Inc.*, 806 So.2d at 1207 (emphasis added) (citation omitted). Defendants thus had the burden of proving not only that the employment agreement includes an arbitration clause, but also that the agreement substantially affects interstate commerce. They did not do so.

**¶14** In their motion to compel arbitration, Defendants asserted that A.R.S. § 12-3003(B)(1) is preempted by the FAA, but did not explain how Morrison's employment agreement substantially affects interstate commerce. In responding to the motion, Shield argued that interstate commerce was not at issue here. Defendants, in reply, acknowledged the requirement that the arbitration agreement be "contained in a contract evidencing a transaction involving commerce," but did not discuss the topic further. And when the issue was raised at oral argument, Defendants stated simply that, "[s]ecurity services *could be* provided to out-of-state entities" and that Shield "*could* purchase security supplies, such as guns or uniforms, from outside the State of Arizona." (Emphasis added.) This was insufficient to create a genuine issue of material fact requiring resolution at an evidentiary hearing. *See, e.g., Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 176 (App. 1987) (in ruling on motions for summary judgment, trial court is not required to search the record for facts or arguments that support the

opposing party; trial court is required to consider only those portions of the record that are brought to its attention by the parties).

¶15　　　　As the parties moving to compel arbitration, Defendants were required to establish that the employment agreement involved interstate commerce, not simply that it *might* involve interstate commerce. They thus failed to carry their burden of establishing that the FAA applies. On the record before it, the superior court properly denied the motion to compel arbitration.[3]

## II.　　Common Law Contract

¶16　　　　Defendants next argue the arbitration clause is enforceable as a common law contract term. They did not, however, make that argument in their motion to compel arbitration. And in their reply in support of that motion, Defendants included only one sentence asserting that "the language in the Employment Agreement is also enforceable as a common law contract term." They offered no legal authority or factual support for that belated assertion. We therefore decline to address this argument on appeal.[4]

## CONCLUSION

¶17　　　　For the foregoing reasons, we affirm the denial of Defendants' motion to compel arbitration. Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 and the employment agreement. Because the case has not been resolved on its merits, we defer

---

[3]　　We do not consider Defendants' arguments — asserted for the first time on appeal — about how the employment agreement purportedly affects interstate commerce. *See Tanner Cos. v. Ins. Mktg. Servs., Inc.*, 154 Ariz. 442, 447 (App. 1987) ("Arguments not made in the trial court cannot be asserted for the first time on appeal."); *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007) ("We review the decision on the record made in the trial court, considering only the evidence presented to the trial court when it addressed the motion."); *Cahn v. Fisher,* 167 Ariz. 219, 221 (App. 1990) (party cannot raise new theories on appeal to seek reversal of summary judgment).

[4]　　Because we affirm the denial of Defendants' motion to compel, we do not address the contention that Shield could be compelled to arbitrate with all Defendants. *See Freeport McMoRan Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478, ¶ 15 (App. 2011) (Appellate courts "do not issue advisory opinions or decide unnecessary issues.").

any decision on fees to the superior court after the successful party has been identified. We award Shield its costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA