Shelton Cobb and Amy Cobb, the plaintiffs in an action pending in the Jefferson Circuit Court, petition for a writ of mandamus directing the trial court to vacate its order compelling them to submit their claims to arbitration.
The Cobbs leased an automobile from Serra Toyota, Inc., on March 26, 1999. According to the Cobbs, in response to a specific question they say they were asked while they were signing the lease documents, Serra's agent told them that all aspects of the lease transaction had been approved. The Cobbs took possession of the car and left the dealership. Some time later, when the Cobbs brought the car to Serra for a repair, they were told that Serra had voided the lease transaction because their financing request had not been approved. The Cobbs were not allowed to leave with the new car, and Serra returned their old car to them.
The Cobbs sued Serra, stating a detinue claim; alleging fraudulent misrepresentation, fraudulent suppression, deceit, and conversion; and asking for compensatory and punitive damages, attorney fees, costs, and "such other relief to which [they] may be entitled." In response, Serra moved to dismiss or, in the alternative, to stay the action and compel arbitration. Serra relied on an arbitration clause in the Lease Agreement; that clause provided, in part, as follows:
 "ARBITRATION. Except for an action to obtain possession of the Vehicle . . . covered by this Lease, which action is specifically excluded from this Paragraph, if any other dispute, controversy or claim . . . arises out of or relates to this Lease, . . . including, but not limited to, the negotiation and provisions of the Lease and the leasing of the Vehicle . . ., the parties agree that any unresolved Disputes shall be submitted to binding arbitration. . . ."
In support of its motion, Serra submitted the affidavit of its secretary/treasurer, Marty Brill, who stated that the Retail Buyer's Order signed by the Cobbs contained a sentence reading: "VEHICLE ISBEING DELIVERED SUBJECT TO FINANCIAL APPROVAL." (Brill stated that that sentence was written in bold print.) Brill also stated that the Cobbs' request for financing was denied.
The Cobbs amended their complaint to add a request for the additional relief of "possession of the vehicle at issue or its alternate value."
After conducting a hearing on Serra's motion, the trial court ordered arbitration and placed the case on its "administrative *Page 210 
docket." The Cobbs filed this mandamus petition.
In Ex parte Payne, 741 So.2d 398 (Ala. 1999), this Court was faced with facts substantially similar to those presented by the Cobbs' petition. In that case, Payne's application for financing for the purchase of a new car was not approved. Although Payne resisted the dealership's efforts to regain possession of the car, the dealership obtained a writ of seizure, which was executed by the sheriff's department. Payne moved for a hearing on the writ of seizure, filed an answer to the dealership's detinue action, and filed a counterclaim alleging breach of contract, fraud, and deceit.
In Payne, as here, the trial court granted the dealership's motion to compel arbitration pursuant to an arbitration provision in the "Retail Purchase Order" executed by the parties. Payne sought a writ of mandamus directing the trial court to vacate the order compelling arbitration of her counterclaims against the dealership. We granted the petition, holding, in pertinent part:
 "Payne argues that the arbitration provision is unenforceable because [the dealership] denies that it has a binding contract with Payne. We agree.
 "Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, provides in pertinent part:
 "`A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'
 "Thus, federal law mandates the arbitration of claims encompassed by an arbitration clause that is part of a binding contract that involves interstate commerce. See, e.g., AT T Technologies, Inc. v. Communication Workers of America, 475 U.S. 643, 649 (1986). Accordingly, in order for [the dealership] to compel arbitration of Payne's counterclaims, the Retail Purchase Order containing the arbitration provision must be a binding contract.
 "A contract cannot be formed without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract. See Steiger v. Huntsville City Bd. of Educ., 653 So.2d 975, 978 (Ala. 1995). . . . Paragraph 7 of the Retail Purchase Order provides that Payne's `offer is not binding upon Dealer until accepted at Dealer's office and signed by a manager of Dealer, (and until the provisions of Paragraph 8 are met if a credit sale).' Paragraph 8 of the Retail Purchase Order provides in pertinent part that `the Purchaser(s) [sic] offer is not accepted and the transaction is not consummated until (a) approved in writing by Dealer and a responsible Bank or Finance Company.' The requirement that a credit sale be approved in writing by a bank or finance company is a condition precedent to the creation of a binding contract.
 "`In negotiating a contract the parties may impose any condition precedent, the performance of which is essential before they become bound by the agreement; in other words, there may be a condition precedent to the existence of a contract. Accordingly, where the parties to a proposed contract have agreed that the contract is not to be effective or binding until certain conditions are performed or occur, no binding contract will arise *Page 211 
until the conditions specified have occurred or been performed.'
 "17A Am. Jur. 2d Contracts § 34 (1991). It is undisputed that Payne's credit application was not approved. Thus, the condition precedent did not occur, and, by the express terms of the Retail Purchase Order, no binding contract was created. . . . [The dealership] cannot seek to enforce the arbitration provision in the Retail Purchase Order and, at the same time, claim that the Retail Purchase Order is not a binding contract. As this Court has recognized, `a person cannot merely pick and choose the provisions in a contract that he wants to apply.' Delta Constr. Corp. v. Gooden, 714 So.2d 975, 981
(Ala. 1998)."
Ex parte Payne, 741 So.2d at 402-04.
Here, the Retail Buyer's Order signed by Serra and the Cobbs provided, in large, boldface type, that the car was being delivered to the Cobbs "SUBJECT TO FINANCIAL APPROVAL." This condition precedent — obtaining "financial approval" — did not occur, and the record before this Court shows that, after the Cobbs' financing request was rejected, Serra did not view the Lease Agreement as a binding contract. Attached to the Cobbs' mandamus petition is a copy of the Lease Agreement containing the arbitration provision Serra seeks to enforce. Written across the first page of the Lease Agreement and across the first page of the Retail Buyer's Order are the words "VOID" and "TURNED DOWN."
Because neither the Lease Agreement nor the Retail Buyer's Order is a binding contract, Serra cannot enforce the arbitration provision it relies on. The Cobbs have demonstrated a clear legal right to the relief they seek. Ex parte Edgar, 543 So.2d 682 (Ala. 1989). Therefore, we grant the Cobbs' petition for a writ of mandamus and we direct the trial court to vacate its order compelling the Cobbs to arbitrate their claims against Serra.[1]
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Because neither the Lease Agreement nor the Retail Buyer's Order is a binding contract, it necessarily follows that the Cobbs may not proceed upon any claims sounding in contract that would be based upon these documents.