SEE, Justice.
Friedman’s Inc. (“Friedman”) petitions for a writ of mandamus directing the trial court to vacate its order compelling Friedman to comply with certain discovery requests. We stayed enforcement of that discovery order pending our review of this petition. Because we conclude that the trial court erred by failing to conduct the statutorily required discovery-scheduling conference, we grant the petition.
I.
Samuel Hudson sued Friedman in the Dallas Circuit Court, alleging fraud, suppression, conspiracy, negligence, outrage, unconscionable conduct, theft by deception, and unjust enrichment, and stating a claim for money had and received. These claims arise out of purchases Hudson financed through Friedman. Hudson alleges that he was told that to obtain credit for the purchases he had to purchase credit-life insurance. Hudson alleges that Friedman represented that the full amount of the premiums it collected from him for the insurance were paid to an insurance company, when, Hudson says, in fact Friedman earned a commission from the premiums. Hudson requested that the trial court certify the action as a class action.
Friedman removed the case to the United States District Court for the Southern District of Alabama. In its answer, filed in the federal court, Friedman complained about numerous deficiencies in Hudson’s complaint, including that the complaint was barred by the two-year statute of limitations applicable to tort claims. See Ala.Code 1975, § 6-2-38©. Friedman also moved for a judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). The federal district court remanded the case to the state circuit court because the amount in controversy was less than $75,000. See 28 U.S.C. § 1332. On remand, Friedman filed another motion for a judgment on the pleadings. See Ala.R.Civ.P. 12(c). In response, Hudson amended his complaint to allege that he had not discovered Friedman’s alleged tortious conduct until “on or about March 30, 1998.” The amended complaint contained no other substantive changes.
*284 Before the trial court held a conference to establish a schedule for discovery, as required by Ala.Code 1975, § 6 — 5—641(b), Hudson had served extensive interrogatories and requests for production of documents, asking among other specific things, that Friedman “provide any information that has not been specifically requested ... that may be relevant in any way whatsoever to this lawsuit.” Friedman objected to Hudson’s interrogatories and requests for production of documents and moved for a stay of discovery, pursuant to Ala.Code 1975, § 6-5-641(c).[1] Friedman also moved for a protective order pending the trial court’s ruling on its motion for a judgment on the pleadings. In its motions, Friedman argued that Hudson’s discovery requests were untimely and over-broad. Hudson responded by moving the trial court to compel Friedman to respond to his discovery requests.
Without conducting a hearing, the trial court denied Friedman’s motion for a judgment on the pleadings and granted Hudson’s motion to compel. The court ordered Friedman to comply with Hudson’s discovery requests within 14 days, Friedman filed this mandamus petition before the expiration of the 14 days. Because we conclude that the trial court erred by failing to hold a discovery-scheduling conference, as required by Ala.Code 1975, § 6-5-641(b), we grant the petition and issue the writ.
II.
Friedman contends that the trial court erred by failing to hold a discovery-scheduling conference. See Ala.Code 1975, § 6-5-641(b). Friedman also argues that the court erred by failing to hold a hearing before granting Hudson’s motion to compel. See § 6-5-641(c). Finally, Friedman argues that the court erred by compelling it to respond to Hudson’s discovery requests. In his answer to Friedman’s petition, Hudson agrees that the trial court erred in failing to provide a discovery-scheduling conference, pursuant to § 6-5-641(b), but argues that Friedman’s other arguments are made moot because they will be addressed by the trial court at the discovery-scheduling conference. We agree.
III.
A writ of mandamus is an extraordinary remedy, requiring the showing of: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
Effective May 25, 1999, all civil class actions brought in the state courts of Alabama are governed by Act No. 99-250, Ala. Acts 1999, codified at Ala.Code 1975, § 6-5-640 et seq. Section 6-5-641(b) provides that, in any putative class action, “the [trial] court ‘shall hold a conference among all named parties to the action for the purpose of establishing a schedule ... for any discovery ... which is both (1) allowed by Ala.R.Civ.P. 26-37, and (2) germane to the issue of whether the requested class should or should not be certi *285 fied.’ ” This case was filed on July 21, 1999, nearly two months after the effective date of Act No. 99-250. “When [a] statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement.” Parker v. Hilliard, 567 So.2d 1343, 1346 (Ala.1990). We also note that in its motion for a stay of discovery and for a protective order Friedman placed the trial court on notice of the statutory mandate. See Ex parte R.D.W., 773 So.2d 426 (Ala.2000). Thus, we conclude that the trial court erred by failing to hold a discovery-scheduling conference as required by Ala.Code 1975 § 6-5-641.[2]
IV.
Therefore, we grant the petition. The circuit court is directed to vacate its order of February 16, 2000, compelling Friedman to comply with Hudson’s discovery requests.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, BROWN, and ENGLAND, JJ„ concur.

. Section 6-5-641(c) provides that, in any putative class action, the trial court shall, “[u]pon motion of any party, ... stay all discovery directed solely to the merits of the claims or defenses in the action until the [trial] court shall have made its decision regarding certification of the class,” and that "[i]n considering such a motion, the [trial] court shall consider whether any prejudice to the plaintiff exists because of the filing by the defendant of a Rule 56 motion for summary judgment prior to the court’s decision regarding class certification.”

. Friedman’s petition for the writ of mandamus is premature as to the other issues, because the trial court may address any of the parties’ concerns at the discovery-scheduling conference. Additionally, we note that ”[t]he trial court is vested with broad and considerable discretion in controlling the discovery process and in making rulings on all matters pertaining to discovery.” Napier v. McDougal, 601 So.2d 446, 447 (Ala.1992) (quoting Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989)).