PITTMAN, Judge.
This appeal is taken from a judgment of the Chambers Circuit Court denying a motion to compel arbitration filed by Palmer, LLC (“Palmer”), in a civil action brought against Palmer by Chris Clark Grading and Paving, Inc. (“Clark”). We reverse the trial court’s judgment and remand the case for that court to hold a hearing on Palmer’s motion to compel arbitration.
According to Clark’s complaint, which was filed in August 2002, Palmer and Clark entered into an agreement in November 2000 under which Clark, in consideration of Palmer’s promise to pay for Clark’s services, agreed to perform clearing, grading, paving, and cement work on property owned by the City of Lanett. Clark alleged in its complaint that it fully performed the work required of it under the parties’ contract and that Palmer breached the contract by failing to pay Clark; Clark sought damages in the amount of $44,232.85, plus interest, on its claim. Palmer filed a motion to dismiss Clark’s complaint, arguing that the trial court lacked subject-matter jurisdiction to hear Clark’s claim. Palmer’s motion to dismiss was denied, and Palmer answered the complaint in April 2003. In August 2003, Palmer filed a motion requesting that the trial court compel Clark to submit its claims against Palmer to arbitration. Palmer later supplemented its motion by filing an affidavit of its president and several exhibits to that affidavit, including portions of the parties’ contract, general conditions of construction contracts issued by the United States Department of Housing and Urban Development (“HUD”) for public-housing programs overseen by HUD, and pertinent correspondence.
*360 On September 5, 2003, the trial court issued an order setting all pending motions for a hearing on October 16, 2003, at 9:00 a.m.; however, counsel for Palmer apparently did not receive notice of that setting. On October 16, 2003, the date scheduled for the motion hearing, the trial court entered an order stating: “Upon call of the case, the Plaintiff [Clark] appeared and the Defendant [Palmer] failed to appear. Therefore, Defendant’s Motion is DENIED. The cause shall be set for trial on November 25, 2003, at 9:00 a.m.” Palmer then filed a motion requesting that the trial court .“reconsider” its denial of the motion to compel arbitration and to schedule a new hearing on the motion, claiming lack of notice of the October 16, 2003, hearing date. However, rather than granting or expressly denying Palmer’s motion, the trial court entered an order on October 30, 2003, stating that “[a]ll issues related to the Court by counsel for Defense [Palmer] ... shall be considered on the trial date of November 25, 2003, at 9:00 a.m.” On November 13, 2003, Palmer filed a notice of appeal to this court, contending that the trial court erred in denying its motion to compel arbitration of the parties’ dispute.
As a preliminary matter, Clark contends that the appeal is due to be dismissed because there is no final judgment. Although Clark is technically correct because the trial court has yet to decide the merits of Clark’s claim, Rule 4(d), Ala. R.App. P., states that “[a]n order granting or denying a motion to compel arbitration is appealable as a matter of right.”[1] Moreover, and contrary to Clark’s argument, the trial court did not set aside its order denying Palmer’s motion, and that order remained in full force and effect at the time Palmer filed its appeal. We thus conclude that Palmer’s appeal is ripe for review.
In response to Palmer’s contention that the trial court erred in ruling as it did on Palmer’s motion to compel arbitration, Clark contends that the trial court properly exercised its discretion by denying Palmer’s motion when Palmer failed to appear at the scheduled hearing on the motion to compel arbitration. However, under Alabama law, “[a] motion to compel arbitration is analogous to a motion for a summary judgment.” TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). Just as a party moving for a summary judgment must make a prima facie showing of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law (see Rule 56(c)(3), Ala. R. Civ. P.), “[a] party seeking to compel arbitration has the burden of producing evidence to establish a prima facie showing that an agreement to arbitrate exists , in a ‘contract evidencing a transaction involving commerce.’ ” Ex parte Horton Family Housing, Inc., 882 So.2d 838, 841 (Ala.2003) (quoting 9 U.S.C. § 2). Moreover, just as in a summary-judgment proceeding, once the moving party in a ease in which a motion to compel arbitration has been filed makes the appropriate prima facie showing, “the burden of persuasion shifts to the nonmovant to present ‘substantial evidence’ ” that would defeat *361 the movant’s entitlement to the requested relief. Id. (quoting Ex parte Greenstreet, Inc., 806 So.2d 1203, 1209 (Ala.2001)).
In this case, the trial court did not deny Palmer’s motion because Palmer had, in some way, failed to make a prima facie showing that the dispute between Palmer and Clark was not subject to arbitration— 1.e., the trial court did not determine that Palmer had failed to demonstrate that the parties’ agreement evidenced a transaction in interstate commerce subject to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Rather, as indicated by the trial court’s use of the word “therefore” in its order denying Palmer’s motion to compel arbitration, the trial court based its decision solely upon the absence of Palmer’s counsel from the scheduled hearing on that motion.
In the analogous summary-judgment setting, it has been held that a ruling on a summary-judgment motion should not be based solely upon a failure of counsel to appear at a hearing on that motion. See St. John v. New Amsterdam Cas. Co., 357 F.2d 327, 329 (5th Cir.1966) (noting that “[tjhere are other appropriate remedies available to enforce the orders of the court and to foster the orderly administration of the affairs of the court”). As aptly stated by Judge Charles R. Butler, Jr., in Hammock v. Keys (No. CIV.A.00-264-CB-C) (S.D.Ala., Jan. 30, 2001) (not reported in F.Supp.), “there is no such thing as a default summary judgment,” and our procedural system should not countenance such a creature as a default order on a motion to compel arbitration. Rather than foreclosing consideration of the merits of Palmer’s motion because of its counsel’s failure to appear at the hearing, the trial court in this case should have determined, from the pleadings and evidence of record, whether Palmer had demonstrated (1) that there existed a contract evidencing a transaction involving interstate commerce, and (2) that there existed an agreement to arbitrate the pertinent dispute arising from that contract, before deciding whether Palmer’s motion was or was not well-taken.[2]
We conclude that Palmer has demonstrated clear legal error on the part of the trial court in denying its motion to compel arbitration on an improper basis; accordingly, that court’s judgment is reversed. Although Palmer requested, in its initial brief on appeal, that the cause be remanded with instructions to compel arbitration, it has moderated its stance in its reply brief, indicating that it would not be opposed to a remand order with instructions that the trial court conduct another hearing on its motion; Clark, likewise, seeks a remand for another hearing in the event the judgment is not affirmed. Because the trial court has yet to rule on the merits of Palmer’s motion, we deem it prudent for that court, in the first instance, to do so, and we accordingly remand the cause for the trial court to hold a new hearing on Palmer’s motion to compel arbitration.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. Because Palmer filed its notice of appeal within 42 days of the entry of the trial court’s order denying its motion to compel arbitration, we need not address in this appeal whether the tolling provisions of Rule 4(a)(3), Ala. R.App. P., which is applicable to post-judgment motions, would have suspended the time for taking am appeal in light of Palmer’s having filed a motion to “reconsider” the denial of its motion to compel arbitration. But cf. Ex parte Troutman Sanders, L.L.P., 866 So.2d 547, 550 (Ala.2003) (noting that while a postjudgment motion under Rule 59, Ala. R. Civ. P., may be made in reference to a final order, "the tolling effect of Rule 59 is not involved with respect to motions to 'reconsider' interlocutory orders”).

. Although Clark contends that Palmer has waived its right to compel arbitration, Clark did not raise that issue in the trial court, which prevents Clark from now raising that issue on appeal. See Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458, 465 (Ala.2002) (declining to affirm denial of a motion to compel arbitration based upon a waiver argument raised for first time on appeal).