897 So.2d 296 (2004)
Ex parte CIT COMMUNICATION FINANCE CORPORATION.
(In re McFadden, Lyon & Rouse, L.L.C.
v.
CIT Communication Finance Corporation).
1030964.
Supreme Court of Alabama.
September 3, 2004.
*297 Douglas L. McCoy of Hand Arendall, L.L.C., Mobile; and Gregory J. Digel of Holland & Knight, LLP, Atlanta, Georgia, for petitioner.
Steven L. Nicholas and Michael A. Youngpeter of Olen, Nicholas & Copeland, P.C., Mobile, for respondent.
HOUSTON, Justice.
CIT Communication Finance Corporation ("CIT"),[1] the defendant in an action pending in the Mobile Circuit Court, petitions this Court for a writ of mandamus 1) directing the Mobile Circuit Court to set aside its February 11, 2004, order granting the plaintiff's motion to compel discovery and 2) instructing the trial court as to the proper scope of discovery relating to class-action certification. CIT contends that the discovery sought by the plaintiffs is not discoverable under Ala.Code 1975, § 6-5-641(c), because, it argues, the information sought relates solely to the merits of the case and not to the issue of class certification. We grant the petition and issue the writ.

I. Facts
The plaintiff in this action, the law firm of McFadden, Lyon & Rouse, L.L.C. ("McFadden"), leased telephone equipment from CIT. The lease contract provided that McFadden was "required to provide and maintain insurance related to the [telephone equipment]"; it provided further *298 that if McFadden failed to provide proof that it had obtained such insurance, CIT could obtain insurance from any insurer and bill McFadden for the "costs of acquiring and maintaining such insurance and [CIT's] fees for [CIT's] services in placing and maintaining such insurance." CIT refers to this insurance  insurance purchased by CIT on behalf of the customer  as "default-option insurance." CIT's purchase of default-option insurance on behalf of McFadden (and others allegedly similarly situated), and the fees associated with that purchase, form the basis for McFadden's putative class action.
McFadden alleges that requiring it to pay for the default-option insurance, for which it was billed and for which it voluntarily paid, constituted a breach of an implied covenant of good faith and/or fraudulent suppression of a material fact. McFadden described both of its claims as follows in sworn responses provided to interrogatories propounded to it by CIT:
"As a party granted the contractual right to purchase insurance on the leased property, the right carried with it the obligation of good faith and fair dealing, and because [CIT] made certain affirmative statements promoting the sale of the insurance, [CIT] was obligated to state all material facts, including the facts related to the pricing of insurance and the hidden profits taken by [CIT] through its various reinsurance agreements and other contractual agreements."
The class McFadden seeks to represent in this case, according to its complaint, includes "all persons and entities who have or have had a lease agreement serviced by [CIT], and who incurred insurance charges [for default-option insurance] within six years of the filing of this complaint." In the complaint, McFadden identified the following allegedly common questions of law and fact as justifying class certification:
"(a) [W]hether [CIT] failed to disclose and/or suppressed from its Customers the existence and nature of its practice of forcing excessive insurance charges to increase its revenues;
"(b) [W]hether [CIT] had a duty of good faith and fair dealing concerning this forced insurance practice to its customers and whether it breached that duty;
"(c) [T]he nature and amount of compensatory and punitive damages;
"(d) [W]hether [CIT] should be required to disgorge the benefit it has obtained from its wrongful conduct."
The trial court has not yet certified this class; however, the trial court granted McFadden's motion to compel discovery of certain information CIT claims is irrelevant to the issue of class certification and therefore barred from discovery under Ala.Code 1975, § 6-5-641(c).

II. Standard of Review
"`Disputes regarding discovery matters are an appropriate basis for a petition for a writ of mandamus.' Ex parte Anderson, 789 So.2d 190, 194 (Ala.2000). However, the party seeking a writ of mandamus in a discovery dispute must properly move for a protective order under Rule 26(c), Ala. R. Civ. P. Ex parte Horton Homes, Inc., 774 So.2d 536, 539 (Ala.2000); see generally Ex parte Reynolds Metals Co., 710 So.2d 897 (Ala.1998)....
"`"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'

*299 "Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)). The ultimate question in reviewing a petition for a writ of mandamus regarding a trial court's ruling on a discovery matter is whether the trial court exceeded its discretion. Ex parte Horton Homes, Inc., 774 So.2d at 539."
Ex parte Horton Family Housing, Inc., 882 So.2d 838, 840-41 (Ala.2003). CIT filed a motion for a protective order pursuant to Rule 26(c), Ala. R. Civ. P., before timely filing this petition for a writ of mandamus. Additionally, the nature of the argument in the petition  that the discovery order compels the production of patently irrelevant documents and therefore amounts to an improper burden on CIT  forms a proper basis for mandamus review under our decision in Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala.2003).[2]

III. Analysis
CIT's primary argument is that much of the discovery McFadden requests is irrelevant to determining the propriety of class certification. As McFadden correctly states in its brief to this Court, the definition of relevancy in the discovery context is typically very broad:
"In Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 485-86 (Ala.1991), we explained:
"`This rule contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981).'
"`A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery and utilize his discretion to issue protective orders to protect the interests of parties opposing discovery.' 582 So.2d at 486.
"In order for the matter to be discoverable, the information sought must also be relevant. '"Relevancy," as used in our discovery rules, means relevant to the subject matter of the action; evidence is relevant if it affords a reasonable possibility that the information *300 sought will lead to other evidence that will be admissible. ...'"
Zaden v. Elkus, 881 So.2d 993, 1005 (Ala.2003).
However, the Legislature has the power to affect the scope of discovery in certain situations; it has done so with regard to class certification in Ala.Code 1975, § 6-5-641(c), which provides:
"Upon motion of any party, the court shall, except for good cause shown and even then only if the interests of justice require that it not do so, stay all discovery directed solely to the merits of the claims or defenses in the action until the court shall have made its decision regarding certification of the class. In considering such a motion, the court shall consider whether any prejudice to the plaintiff exists because of the filing by the defendant of a Rule 56 motion for summary judgment prior to the court's decision regarding class certification."
Under this section, before a class can be certified, a party that has filed a motion to stay discovery on the merits of the claims asserted cannot be compelled to produce any discovery that is "directed solely to the merits of the claims or defenses in the action." Ala.Code 1975, § 6-5-641(c) (emphasis added).
This Court has not yet interpreted § 6-5-641(c) and determined how the burden of proof is distributed or shifted among the parties; we now take this opportunity to do so.[3] McFadden claims that the burden is on CIT, as the objecting party, to prove that there is no possible way the evidence McFadden seeks in discovery could involve, or could lead to evidence that might involve, issues related to class certification. We disagree.
Typically, when an objection to a discovery request is made, the burden is on the objecting party to state specifically and to support the reasons for the objection. See Rules 26(b)(1) and (c), Ala. R. Civ. P.
"[T]he party who seeks a protective order has the burden of showing good cause why discovery should not be had.
"`Thus, to be entitled to a protective order, a movant must either show good cause why the objected-to deposition or production of documents would be unduly burdensome or expensive, oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged.'"
Ex parte Scott, 414 So.2d 939, 941 (Ala.1982) (quoting Assured Investors Life Ins. Co. v. National Union Assocs., Inc., 362 So.2d 228, 231 (Ala.1978)); see, e.g., Ex parte Garrick, 642 So.2d 951, 952-53 (Ala.1994) ("Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception."). However, in the context of class certification, that requirement is fulfilled when the objecting party properly raises the protections of § 6-5-641(c) as the basis for the objection (assuming that the objecting party has previously filed a motion to stay discovery under § 6-5-641(c)), and the burden then shifts to the party seeking discovery to explain specifically, to the trial court's satisfaction, how the requested discovery is not"directed solely to the merits of the claims or defenses *301 in the action"; that is, the party seeking discovery must show at least one way that the requested discovery is directed to the issues of class certification. See, generally, Tyson Foods, Inc. v. McCollum, 881 So.2d 976 (Ala.2003) (defining the term "solely" and applying its statutory meaning).
Our conclusion that this burden is on the party seeking discovery is guided by the language of § 6-5-641 as a whole and by the logical realities of the discovery process. Section 6-5-641 was enacted to help guarantee that the class action was available, but was not abused.[4] In enacting § 6-5-641 the Legislature put the burden on the party seeking class certification to demonstrate, and the burden on the trial court to assure through "rigorous analysis," that class-action treatment is appropriate before any further action is taken. Section 6-5-641(b) requires a trial court to "hold a conference among all named parties to the action for the purpose of establishing a schedule ... for any discovery in which the parties may wish to engage which is both (1) allowed by Ala. R. Civ. P. 26-37, and (2) germane to the issue of whether the requested class should or should not be certified." (Emphasis added.) Section 6-5-641(d) requires trial courts, upon motion of any party, to hold a full evidentiary hearing on the appropriateness of class certification. Most telling, however, is § 6-5-641(e), which specifically puts the burden of proving the propriety of class treatment on the party seeking class certification:
"When deciding whether a requested class is to be certified, the court shall determine, by employing a rigorous analysis, if the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23. The burden of coming forward with such proof shall at all times be on the party or parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class. In making this determination, the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. In announcing its determination, the court shall place in the record of the action a written order addressing all such factors and specifying the evidence, or lack of evidence, on which the court has based its decision with regard to whether each such factor has been established. In so doing, the court may treat a factor as having been established if all parties to the action have so stipulated on the record and if the court shall be satisfied that such factor could be proven to have been established."
(Emphasis added.)
Unlike cases where an objection to discovery is grounded upon an objection such as the information sought is protected by the "work-product doctrine," where it is clear that the objecting party would have the most knowledge as to the factual basis for the objection and therefore should carry the burden of proof, see, e.g., Garrick, 642 So.2d at 952-53, in cases involving § 6-5-641(c) it is the nonobjecting party that has the best and most specific knowledge as to why certain discovery will help determine whether a class should be certified. McFadden's interpretation of § 6-5-641(c) essentially places objecting parties, like CIT, in the unreasonable position of having to prove a negative, that is, having *302 to prove that the sought-after discovery can serve no possible role in either assisting in the determination of class certification or in leading to other information that may assist in that determination.
McFadden correctly states the general principle that evidence relevant to class certification and evidence relevant to the merits of the case will frequently overlap. See Manual for Complex Litigation § 21.14 (4th ed. 2004) ("There is not always a bright line between [discovery related to certification issues and discovery related to merits issues]. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification."). McFadden also correctly states that this fact is acknowledged in § 6-5-641(c) by the use in that section of the word "solely." See Ala.Code 1975, § 6-5-641(c) ("the court shall ... stay all discovery directed solely to the merits of the claims or defenses in the action" (emphasis added)). However, given the general understanding of appropriate discovery  that discovery is appropriate as to all relevant information or information that may possibly lead to relevant information, see Zaden, supra, 881 So.2d at 1005  if under § 6-5-641(c) the burden is placed on the objecting party as McFadden argues it should be, it is difficult to find an example of how an objecting party would ever successfully satisfy that burden and thereby make use of the protections afforded by § 6-5-641(c). We believe that such an interpretation would thwart the intent of the Legislature in enacting § 6-5-641(c).

IV. Conclusion
Based upon the above, we grant CIT's petition and issue a writ of mandamus directing the trial court 1) to vacate its order granting McFadden's motion to compel discovery, and 2) to assess the information sought by discovery under the burden-shifting process set forth in this opinion. We note that in following this process the trial court has broad discretion in determining whether a party seeking discovery has demonstrated a valid reason why the sought-after information is relevant to the class-certification determination.
PETITION GRANTED; WRIT ISSUED.
SEE, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
NABERS, C.J., and LYONS, J., concur specially.
HARWOOD, J., concurs in the result.
LYONS, Justice (concurring specially).
I concur fully in the main opinion. It places the burden of establishing discoverability under § 6-5-641(c), Ala.Code 1975, on the party attempting to obtain certification of a class, thereby offering a practical solution to the problem of attempting to satisfy what may well be an essentially unworkable legislative standard.
Section 6-5-641(c) requires the trial court to stay all pre-class-certification discovery "directed solely to the merits of the claims or defenses in the action." (Emphasis added.) The main opinion states: "[I]f under § 6-5-641(c) the burden is placed on the objecting party as McFadden argues it should be, it is difficult to find an example of how an objecting party would ever successfully satisfy that burden and thereby make use of the protections afforded by § 6-5-641(c)." 897 So.2d at 302. Relevant questions for consideration of the question of certification, such as typicality and commonality of questions of law or fact among various members of the class, render it quite difficult to draw a bright line between discovery related only to class certification and discovery related *303 only to the merits. Merits-related discovery is often inextricably intertwined with issues related to certification. However, even with the burden of establishing discoverability placed upon the party seeking the discovery, it may well be equally difficult to find an example of how a party could fail to show some nexus between the standards for class certification and material sought through discovery that relates to the merits.
Section 6-5-641(c) provides:
"Upon motion of any party, the court shall, except for good cause shown and even then only if the interests of justice require that it not do so, stay all discovery directed solely to the merits of the claims or defenses in the action until the court shall have made its decision regarding certification of the class. In considering such a motion, the court shall consider whether any prejudice to the plaintiff exists because of the filing by the defendant of a Rule 56 motion for summary judgment prior to the court's decision regarding class certification."
(Emphasis added.)
A more workable statutory standard would require the trial court to stay all discovery not essential to a decision regarding certification of the class. In making a determination as to whether requested discovery is or is not essential to the class-certification decision, the trial court should balance the plaintiff's need for discovery in areas relevant to suitability for class-action treatment that might also relate to the merits of the claims or defenses in the action against the defendant's right to protection from extensive and potentially burdensome discovery related to the merits before the class is certified. In this way discovery into the merits beyond that essential to a determination of the question of class certification could be avoided.
While we are remanding this case to the trial court for further proceedings governed by § 6-5-641(c) under the burden-shifting process set out in the main opinion, I am not optimistic that the statutory standard alone will afford CIT significant relief. Perhaps relief could be available to CIT by motion for a protective order under Rule 26(c), Ala. R. Civ. P., asserting that the discovery request presents an undue burden, notwithstanding that the discovery would not be subject to the stay called for under § 6-5-641(c). Of course, in this context, CIT would have the burden of establishing that merits-related discovery that is being or that will be produced is sufficient to permit McFadden to develop fully the materials necessary for a determination of the question of class certification. I read the statement at the end of the main opinion calling to the trial court's attention its broad discretion as being consistent with the foregoing observations concerning the trial court's authority under Rule 26(c) and the balancing of the plaintiff's and the defendant's interests.
NABERS, C.J., concurs.
NOTES
[1] Apparently, the plaintiff improperly designated CIT Communication Finance Corporation in its complaint as "Avaya Financial Corporation." We have styled the appeal to reflect the actual parties.
[2] In Ocwen, 872 So.2d at 813-14, we stated:

"Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court's review of a petitioner's grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order.... In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, (a) when a privilege is disregarded...; (b) when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party ...; (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case  that is, one in which an appeal is not an adequate remedy."
(Emphasis added; footnote omitted.)
[3] McFadden claims that we should not take this opportunity to interpret § 6-5-641(c), because, it alleges, CIT raised no objection to the requested discovery under that section. However, the materials submitted by CIT demonstrate 1) that the trial court granted CIT's motion to stay discovery on the merits under § 6-5-641(c), and 2) that CIT objected to any discovery that exceeded that allowed in the trial court's order granting the stay of discovery under § 6-5-641(c).
[4] Section 6-5-641 was enacted in 1999; it is applicable to all class actions filed after May 25, 1999. See Act No. 99-250, Ala. Acts 1999; Ex parte Friedman's Inc., 784 So.2d 282, 284 (Ala.2000).